IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRY CARPENTER,

                Plaintiff,                OPINION AND ORDER

v.

                                          22-cv-110-wmc

LILY LIU and TAMMY MAASSEN,

                Defendants.

---

Plaintiff Terry Carpenter, an inmate at Jackson Correctional Institution ("JCI") and represented by counsel, alleges that JCI medical staff, Dr. Lily Liu and Health Services Manager ("HSM") Tammy Maassen, misdiagnosed and failed to treat properly a neck lesion and subsequent staph infection, leading to serious complications, including emergency surgery and 33 days of hospitalization on an antibiotic IV drip. (Dkt. #9.) Several motions are pending before the court. *First,* Carpenter has moved for leave to amend his complaint to: name JCI's Warden, Lizzie Tegels, as a defendant; add a supervisory liability claim against defendants Liu and Maassen, as well as Warden Tegels; and add a medical negligence claim against Dr. Liu and HSM Maassen. (Dkt. #22.) *Second,* defendant Maassen has filed a motion asking the court to screen the proposed amended complaint. (Dkt. #24.) *Third*, defendants Liu and Maassen have filed separate motions for summary judgment on the ground that Carpenter failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). (Dkt. #26 (Maassen); Dkt. #29 (Liu).) Because the court agrees that Carpenter did not exhaust his administrative remedies as to any of his existing or proposed federal claims and declines to exercise supplemental jurisdiction over any newly proposed, state-law claims, it

must deny Carpenter's motion to amend as futile, deny Maassen's motion for screening as unnecessary, and grant defendants' motions for summary judgment.

OPINION

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion requires complying with the rules applicable to the grievance process at the inmate's institution." *Id.*; *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022).

Still, inmates are only required to exhaust administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). "[A]n administrative procedure is unavailable when . . . officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. Also, an administrative procedure is unavailable when it is "so opaque" that "no ordinary prisoner can discern or navigate it." *Id.* at 643-44. Finally, an administrative procedure is unavailable if prison and jail officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

To exhaust administrative remedies in Wisconsin, a prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code

Chapter DOC 310. However, before "filing a formal complaint, an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin. Code § 310.07(1). The formal ICRS procedure begins with an inmate filing a complaint with the Inmate Complaint Examiner ("ICE") within 14 calendar days of the event giving rise to the complaint. *Id*. § 310.07(2). The complaint must clearly identify only one issue and provide sufficient information for the department to investigate and decide the complaint. *Id.* § 310.07(5)-(6). The ICE has 10 days to accept, reject, or return the complaint for correction and resubmission. *Id.* § 310.10(2)-(6). If the ICE returns the complaint for failing to meet the criteria under § 310.07(1) and (3)-(5), the inmate has one opportunity to correct and resubmit a returned complaint within 10 days. *Id*. § 310.10(5).

### I. Existing Claims Against Defendants Liu and Maassen

In this lawsuit, the court granted Carpenter leave to proceed on an Eighth Amendment deliberate indifference claim against defendants Liu and Maassen for misdiagnosing and failing to treat a staph infection behind Carpenter's ear as a horse fly bite in early March 2020, then failing to treat the spreading infection, which resulted in emergency surgery and a lengthy hospitalization in June and July 2020. (Dkt. #9 at 1-4.) However, Carpenter failed to exhaust his administrative remedies for three reasons.

*First*, Carpenter did not file an inmate complaint within 14 days of the alleged misdiagnosis and untreated infection. It is undisputed that his only inmate complaint concerning the lesion and infection was filed on May 23, 2021, almost a year after his

surgery and hospitalization.[1] (Jodi Dougherty Decl. (dkt. #28 at ¶¶ 14-17); Inmate Compl. Hist. (dkt. #28-1); Inmate Compl. (dkt. #28-2 at 3).)

*Second*, even Carpenter's May 2021 complaint did not exhaust his administrative remedies, because it named neither of the current defendants or explain what they did wrong. The Court of Appeals for the Seventh Circuit has held that an inmate's complaint will suffice for exhaustion purposes only if it provides notice of "the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Instead, Carpenter stated in the complaint that:

> The sta[ph infection] was behind my right ear. Severe Lesion on my skin causing infection. And Bleeding and put me in the hospital for over 30 days . . . because my provider thought it was a horse fly bite. It's starting all over again. It itch[e]s, I scratch, I am covered in sores and I bleed all the time. It's going on three years. I need to talk to someone besides H.S.U. Just want clarification.

(Dkt. #28-2 at 3.) His account does not provide either defendant of notice of a claim against them for inadequate medical care; instead, it complains generally about unnamed staff responses to an initial infection, describes new sores and bleeding, and focuses on obtaining an opinion from an outside medical provider about a reoccurrence of his symptoms.

*Third*, and finally, Carpenter failed to follow ICRS procedural requirements with respect to the May 23, 2021 complaint. On May 24, 2021, the ICE returned that complaint to Carpenter with instructions to respond to three questions: "(1) Have you

---

[1] Although Carpenter filed an inmate complaint regarding medical care on August 30, 2021, that complaint addressed Dr. Liu's alleged failure to follow an offsite specialist's unrelated recommended treatment for dermatitis on Carpenter's right arm. (Dkt. #38-16.)

4

submitted a Health Service Request asking for a sick call appointment?; (2) If so, have you been seen and when?; and (3) What were you told at the visit?" (ICE return letter (dkt. #28-2 at 1-2).) The ICE also warned Carpenter that he had one opportunity to correct and resubmit his complaint as allowed under § 310.10(5). (*Id.*) There is no record of Carpenter resubmitting his complaint (dkt. #28 at ¶ 19) or answering the questions posed by the ICE. Accordingly, even if his vague May 2021 complaint for an outside exam were sufficient to preserve a complaint as to his claims, Carpenter failed to exhaust his administrative remedies by not correcting and resubmitting his inmate complaint.

Carpenter's arguments in opposition are unavailing. As an initial matter, he argues that his numerous, other informal interview requests ("kites") filed with HSU,[2] his lengthy hospitalization, and two inmate complaints filed in 2021 provided sufficient notice to the prison about what his issue was, who it involved, when and where it occurred, and why he was complaining. However, Carpenter's belief that he complied with the spirit, if not the letter, of the ICRS requirements does not excuse his failure to exhaust remedies strictly required under the administrative code. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("This circuit has taken a strict compliance approach to exhaustion."). Just as there is no "substantial compliance" exception to the exhaustion requirement, a "good faith" but incomplete attempt to exhaust is not enough. *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Wand v. Johnson*, No. 18-cv-500-wmc, 2019 WL 6712079, at *2 (W.D. Wis. Dec. 10, 2019). As explained above, "a prisoner must file complaints and appeals in the

---

[2] In support of his opposition, Carpenter filed a number of documents evidencing his communication with HSU from between February 2020 to June 2022. (*See* exhibits filed with dkts. ##37-38.).

5

place, and at the time, the prison's administrative rules require." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019).

Next, Carpenter cites *White v. Bukowski*, 800 F.3d 392, 396 (7th Cir. 2015), for the proposition that he had no opportunity to complain about the delay in his medical care until after the harm was complete and could not be undone by defendants. However, in *White*, the plaintiff did not discover that her prenatal care was inadequate and harmful to the baby until after she gave birth, by which time additional prenatal care would have had no impact. *Id*. at 395. Thus, the Seventh Circuit held that since the purpose of filing a grievance "is to obtain a change of some sort"-("to obtain better medical care for example"), and plaintiff would have gained nothing from filing a grievance, there was no point in requiring her to file a grievance before filing suit. *Id*. at 394-95 ("The plaintiff may have had no reason to think at the time that her medical care in the jail was seriously inadequate, that it posed a threat to the fetus."). Unlike the plaintiff in *White*, however, the numerous kites that Carpenter sent to HSU before he was hospitalized show that he had reason to think (indeed, he thought) that his medical care at the prison was inadequate and posed an ongoing threat to his health.

Carpenter could have but chose not to file an inmate complaint in the months leading up to his surgery and hospitalization, and had he done so, the prison could have investigated the complaint and intervened on Carpenter's behalf. Moreover, even if Carpenter believed that it was futile, the Seventh Circuit has held that exhaustion is necessary. *Dole*, 438 F.3d at 808-09. Nonetheless, Carpenter waited almost a year after being released from the hospital to file a complaint, referencing his past lesion and ongoing

infection, and even that complaint did not raise the issue of inadequate medical care that he now alleges receiving between March and June 2020. Accordingly, the court cannot conclude that administrative remedies were unavailable to Carpenter.

Finally, Carpenter may be suggesting that the ICE's nearly immediate return of his otherwise untimely inmate complaint in May 2021 somehow excuses his failure to exhaust because the questions posed by the ICE show that she had "reached the merits" of the complaint. (Dkt. #38 at 6, citing *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits.").) However, the ICE did not accept Carpenter's complaint and resolve it on the merits. Instead, she returned the complaint because it failed to comply with § 310.07(1), which requires an inmate to first attempt to resolve the issue informally—in this case by contacting the HSU. Carpenter never corrected and resubmitted his complaint as he was permitted to do under § 301.10(5). Because Carpenter's complaint was returned for procedural reasons rather than being dismissed on its merits, it did not satisfy the exhaustion requirement. *See Parker v. Almonte-Castro*, No. 21-cv-509-bbc, 2022 WL 2274875, at *4 (W.D. Wis. June 23, 2022) (complaint rejected for procedural reason of not following designated process in § 310.07(1) cannot satisfy exhaustion requirement).

## II. Additional Proposed State Law Claims

Carpenter also seeks leave to file an amended complaint to add: (1) Warden Tegels as a defendant; (2) supervisory liability claims against Tegels, Liu, and Maassen; and (3) state-law medical negligence claims against Liu and Maassen. However, defendant

7

Maassen correctly argues that just as Carpenter failed to exhaust his existing federal claims against her, he also failed to exhaust his proposed federal claims against Tegels, and against all defendants for supervisory liability.

Regardless, with the federal claims gone and no diversity of citizenship between the parties, the general rule is that federal courts should relinquish jurisdiction over any remaining state law claims.  28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015).  Thus, while Carpenter may pursue his new state-law claims in state court, subject to any applicable statute of limitations, and because naming Tegels as a defendant and adding any new claims relating to the lesion and staph infection would be futile for a similar lack of exhaustion, the court will dismiss this case without leave to amend, without prejudice.  *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile"); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).  However, should Carpenter attempt to exhaust his complaint against defendants now, it will likely be deemed as time barred.

ORDER

IT IS ORDERED that:

1) Plaintiff Terry Carpenter's motion for leave to file an amended complaint (dkt. #22) is DENIED.

2) Defendant Tammy Maassen's motion for screening (dkt. #24) is DENIED as unnecessary.

3) Defendants' motions for summary judgment for failure to exhaust administrative remedies (dkt. #26; dkt. #29) are GRANTED and this lawsuit is DISMISSED without prejudice.

4) The clerk's office is directed to enter judgment in favor of defendants and to close this case.

Entered this 8th day of November, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge